4⑴5



# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS

ЛCE DANIEL
ЛRNEY GENERAL

December 19, 1949

Hon. James C. Martin
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. V-976

Re: Authority of Commissioners'
Court to pay the District
Court reporter for a trans-
cript of evidence taken in an
examining trial for the Dis-
trict Attorney before a Jus-
tice of the Peace.

Dear Sir:

Your request for an opinion reads in part as follows:

"Mr. Paul C. Clendening, official Court Reporter
for the 28th District Court of Nueces County has billed
Nueces County for a transcript of evidence taken in an
examining trial before a local Justice of the Peace and
which was furnished to the District Attorney to be used
in presentment before the Grand Jury at its next meet-
ing. The amount of the bill is $78.50, which was figured
at the rate of $.15 per 100 words in accordance with
provisions of Article 2324 of Vernon's Annotated Civil
Statutes. Mr. Calvin Ramfield, the County Auditor of
Nueces County, refused payment and forwarded the bill
to me for determination as to whether or not it could be
legally paid."

You request an opinion as to whether such bill may be
paid.

We assume from the facts stated that the District Attorney
requested the official District Court reporter to appear at the examin-
ing trial and transcribe the testimony of witnesses in question and an-
swer form.

The question presented is whether the Commissioners'
Court has authority to pay the official District Court reporter for a
transcript of evidence taken in an examining trial before the Justice of
the Peace, the District Attorney having requested such reporter to pre-
pare the transcript in order that he might present the evidence to a
Grand Jury.

Article 25, V.C.C.P., makes it the duty of the District Attorney to represent the State at examining trials. It provides:

"Each District Attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon habeas corpus, and he is notified of the same, and is at the time within the county where such proceeding is had, he shall represent the State therein, unless prevented by other official duties." (Emphasis ours)

Article 3899, Sec. b, V.C.S., provides in part:

"Each officer named in this act where he receives a salary as compensation for his service shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office."

In Attorney General's Opinion No. V-538, the facts involved were these: A Justice of the Peace called an inquest and advised the county and district attorney of the date the inquest would be held. The county attorney desired to have the testimony of the witnesses transcribed in question and answer form to aid and assist him in the prosecution of the case should a criminal charge result. For this purpose he engaged a reporter to be present and transcribe the testimony. Subsequently the county attorney decided not to file criminal charges. He submitted the bill of the reporter to the Commissioners' Court as a reasonable expense necessary in the proper and legal conduct of his office. The county attorney in question was employed on a salary basis. Based upon these facts it was held that "the county attorney. . . was authorized to require that the testimony taken at an inquest be transcribed in question and answer form for use by him in the conduct of his office in investigating circumstances in a death and to employ a reporter to take and transcribe such testimony at the expense of the county."

By analogous reasoning the district attorney was in the proper and legal conduct of his office when he requested the district court reporter to prepare a transcript of an examining trial for presentation to the Grand Jury. Certainly a diligent district attorney would want to preserve such testimony, because in the event of indictment it might become necessary, during the trial of the accused, to use the testimony taken at the examining trial. Art. 750 V.C.C.P.; Serna v. State, 110 Tex. Crim. 220, 7 S.W.2d 543 (1928).

It was pointed out in <u>Taliaferro v. Hale</u>, 47 S.W.2d 340, (Tex. Civ. App. 1932), that Article 2324, outlining the duties of the official district court reporter, does not require him to make transcripts of testimony in a lower court, and it is not part of his official duties to transcribe such testimony. It follows therefore that the court reporter in question was not engaged in the performance of one of his official duties in the taking of testimony at the examining trial.

In the light of the facts presented in your letter, we are of the opinion that the district attorney may engage the district court reporter to be present and transcribe the testimony of an examining trial before a Justice of the Peace, and the district attorney may certify such expense to the Commissioners' Court for payment as a reasonable expense necessary in the proper and legal conduct of his office.

## SUMMARY

The District Attorney may properly and legally engage the District Court reporter to prepare a transcript of testimony of the witnesses at an examining trial before the Justice of the Peace for future use in criminal proceedings. The Commissioners' Court is authorized to pay for such transcript, on proper certification from the District Attorney, as a reasonable expense necessary in the proper and legal conduct of his office.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By      Frank A. McCracken,
                     Assistant

FAMc:v

APPROVED:

Price Daniel
ATTORNEY GENERAL